(No. 14599.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NICHOLAS KORAK, Plaintiff in Error.

*Opinion filed June 21, 1922.*

1. CRIMINAL LAW—*what is sufficient to prove corpus delicti.* In a prosecution for the crime against children it is not necessary to establish the *corpus delicti* by direct evidence, but it may be established by proof of facts and circumstances which show, beyond a reasonable doubt, that the crime has been committed.

2. SAME—*what testimony is competent without corroboration of expert witness.* In a prosecution for the crime against children the mother of the girl may testify as to the character of stains found on the girl's clothing and may state that they appeared to be of the character of a seminal discharge, even though there was no examination by an expert and no expert testimony taken, and it is for the jury to determine the weight to be given the mother's testimony.

3. SAME—*when letter written by defendant is admissible against him.* In a prosecution for the crime against children, a letter written by the defendant to the father of the girl acknowledging his guilt in general terms but without naming the offense and asking

for leniency and that the girl's mother forgive him is admissible as an admission, and it is for the jury to determine whether the admission of guilt contained in the letter refers to the crime with which the defendant was charged.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding.

JOHN T. BYRNES, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (HENRY T. CHACE, JR., EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted to review a judgment of the criminal court of Cook county finding plaintiff in error, Nicholas Korak, guilty of the crime against children and sentencing him to imprisonment in the penitentiary.

January 10, 1920, plaintiff in error was rooming at the home of Frank and Mary Sablich. Josephine Pozgaj, the seven-year-old niece of Sablich, was also temporarily residing in this home. She slept in a room with the six-year-old son of Mr. and Mrs. Sablich. There were two beds in this room,—one for each of the children. Plaintiff in error roomed with Frank Civinchi, across the hall from this room. About eleven o'clock in the evening Mrs. Sablich went to the children's room, and while examining the children she found that Josephine's drawers were wet. She covered her better and told her she would talk to her in the morning. When she went to the children's room in the morning she saw plaintiff in error come out of the room. She found Josephine in bed with a nickel in her hand and again found her drawers wet. She testified that she knew the difference between the appearance of urinous stains and the stains of the seminal discharge of a man, and that the

fluid with which Josephine's drawers were stained was of the character of semen. She called her husband and plaintiff in error and they came to the room. Josephine was then sitting on a chair, dressing herself. Mrs. Sablich told her husband, in the presence of plaintiff in error, what she had found and charged plaintiff in error with taking indecent liberties with the little girl. Plaintiff in error told her that she could not believe all that children said and that the little girl told lies about him. He admitted that he gave Josephine a nickel, but said he gave it to her because she wanted to buy candy with it. Josephine then said to him that he had done things to her many times and that he gave her the nickel and told her not to tell anyone. Plaintiff in error made no reply to Josephine but picked up his coat and hat and left the house. All of this testimony went in without objection. The next day plaintiff in error wrote the following letter to Frank Sablich:

"CHICAGO, *January 11, 1920.*

"*Dear Friend Franjo*—I acknowledge my guilt, vz., that I was misguided when the thought occurred to me to do that. * * * Therefore, I, your friend, am asking to intercede with your wife so she may forgive me. I shall never again appear under your roof, inasmuch as I know well what will be coming to me if this goes before the court. Absolve me of more agony in the future, as I have confidence that you will do so, as my friend. I shall be thankful in advance, and I ask once more that your wife may forgive me. There is no man who would not make some mistake. Read this well and think it over. Do not, however, tell anybody what I am writing you, as this would be a serious thing to do, inasmuch as I am pronouncing my own sentence in advance if this goes before the court. If you have taken no action, please, once more, forgive me as a friend of mine, I being a miserable creature.

"Yours,     NIKOLA KORAK."

Josephine was called to the stand, but after a preliminary examination the court held that she was incompetent to testify. She had attended for a short time a Croatian school but had not attended the public schools.

Frank Sablich testified that plaintiff in error asked him to have Mrs. Sablich say that he called her a whore and a

bitch, so that he could say he wrote the letter to apologize to her for calling her bad names; that he proposed that the letter be changed so that it would place the charge on Civinchi, who was then in Europe, and that if the change were made he would pay him what was right. Frank Pozgaj, father of Josephine, testified that plaintiff in error wanted him to have the letter destroyed, and said to him that it would be better to have a couple of hundred dollars than to pay money to lawyers.

Plaintiff in error testified that he was forty-five years old; that he had lived in this country ten years; that he had worked as stock-keeper for the International Harvester Company for seven years, and that he had never before been in any trouble. He denied that he was in Josephine's room during the evening of January 10 or the morning of January 11, and denied that he touched Josephine or that he did anything to cause the wet condition of her clothing or the bed. He admitted that he wrote the letter which was received in evidence because he wanted to apologize to Mrs. Sablich for the language he had used toward her and wanted to avoid being arrested and fined for this conduct; that he did not in the letter acknowledge that he was guilty of taking indecent liberties with Josephine, and that he had no intention of making any such acknowledgment because he had done nothing to her. He charges that the prosecution is the result of an effort on the part of the Sablichs to deprive him of his share in the restaurant which they owned as partners. He claims to have furnished all of the money that the partnership had to establish the business and that the Sablichs furnished the labor for conducting the restaurant.

The principal contention of plaintiff in error is that there is an entire want of proof of the *corpus delicti.* This contention is without merit. It is not necessary to establish the *corpus delicti* by direct evidence. It may be established by the proof of facts and circumstances which show be-

yond a reasonable doubt that the crime has been committed. (*Carlton* v. *People,* 150 Ill. 181; *People* v. *Spencer,* 264 id. 124; *Bines* v. *State,* 118 Ga. 320, 12 Am. Crim. Rep. 205; 1 Wharton on Crim. Law,—11th ed.—chap. 11.) There is sufficient evidence in the record to establish the *corpus delicti* without considering the letter written by plaintiff in error.

Plaintiff in error contends that the court erred in permitting Mrs. Sablich to state the character of the stains on the bed and on Josephine's clothing, his contention being that no person is able to say absolutely that a certain substance is semen unless the substance be submitted to microscopical examination by an expert. Conceding that a layman could not tell with the naked eye the character of the substance found on Josephine's clothing, it was competent for Mrs. Sablich to describe the substance and to state that it appeared to her to be of the same character as the seminal discharge of a man. It was for the jury to determine the weight to be given her opinion.

Plaintiff in error states in his brief that it was error to give People's instructions 4, 5 and 6, but he does not point out in his argument wherein these instructions are erroneous. We have examined the instructions and find them free from reversible error.

The letter written by plaintiff in error was clearly admissible, and it was for the jury to determine from the letter and from the facts and circumstances surrounding its writing, and the conduct of plaintiff in error with respect to it after he had been charged with the commission of this crime, whether the admission of guilt contained therein referred to an admission of guilt in taking indecent liberties with Josephine. We are convinced that it is such an admission and that it has been clearly established that he is guilty of this crime.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*