## STATE v. AGAMEMNON KOUTRO.

(Filed 20 May, 1936.)

**1. Homicide E a—Charge of the court on the question of quantum of force permitted to be used in self-defense held without error.**

The charge of the court in this prosecution for homicide to the effect that defendant would be guilty of manslaughter if he killed his assailant by the use of more force than was reasonably necessary to repel the assault *is held* without error, and defendant's contention that the court should have further instructed the jury that defendant could use such force as reasonably appeared to him to be necessary under the circumstances, is untenable, it appearing that the court later fully instructed the jury on the right to kill in self-defense upon real or apparent necessity, and it not being required that this principle should be coupled in the charge with the statement of the *quantum* of force permitted in self-defense.

**2. Same—Charge on the principle that person provoking assault may not plead self-defense unless he had withdrawn from combat held correct.**

The charge of the court in this prosecution for manslaughter to the effect that if the defendant provoked the assault in which he killed his assailant, the law would not permit him to successfully plead self-defense, even though the killing was necessary to protect himself from death or great bodily harm, unless defendant, prior to the infliction of the fatal injuries, withdrew from the combat and gave notice of his withdrawal to his adversary by word or deed, *is held* without error upon defendant's contention that it withdrew from the jury's consideration the plea of self-defense, it being apparent from the charge read contextually as a whole that the portion objected to was predicated upon defendant being the person who had provoked the fight, or willingly engaged therein, and the prior portions of the charge fully presenting defendant's plea of self-defense upon the other phases of the evidence.

APPEAL from *Hill, Special Judge,* at September Term, 1935, of GASTON. No error.

This was a criminal action wherein the defendant was placed on trial for murder in the second degree or manslaughter as the facts might warrant. The defendant admitted that he killed the deceased with a deadly weapon and assumed the burden of satisfying the jury of matters and things in mitigation and justification.

The jury returned a verdict of guilty of manslaughter, and from judgment of imprisonment the defendant appealed, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*
*Ernest R. Warren for defendant, appellant.*

SCHENCK, J. The defendant states that he abandons all assignments of error except those numbered 3 and 4, both of which are to portions of the charge.

Assignment No. 3 assails that portion of the charge in parentheses, which, with its connecting clause, reads: ". . . if you find from the evidence in the case that the prisoner slew the deceased, not with malice (but in defending himself, and that he used excessive force—more force than was reasonably necessary under the circumstances, to protect himself from great bodily harm, then the court instructs you it would be your duty to return a verdict of manslaughter)."

This charge is in accord with *S. v. Robinson,* 188 N. C., 784, wherein it is said: "One is permitted to kill in self-defense (*S. v. Johnson,* 166 N. C., 392) ; but, in the exercise of this right of self-defense, more force must not be used than is reasonably necessary under the circumstances, and if excessive force or unnecessary violence be used, the defendant would be guilty of manslaughter. *S. v. Garrett,* 60 N. C., 148."

The defendant in his brief concedes that the assailed portion of the charge "is correct as far as it goes," but that "the court should have instructed the jury that the defendant may fight in self-defense, and that he may do so when it is not actually necessary if he believes it to be necessary and has a reasonable ground for the belief; but whether his ground is reasonable is a matter for the jury and not the prisoner." We see no essential reason why the subject of the justification of fighting or killing in self-defense by actual necessity or apparent necessity should be coupled with the subject of the *quantum* of force permitted in self-defense. But, however that may be, the court did not fail to instruct the jury upon the subject of the right to fight or kill in self-defense when there was either an actual necessity or apparent necessity for so fighting or killing. The court charged the jury as follows: "There is

another principle of law. Ordinarily, the law does not permit one to repel simple assault. In illustration of that, where one person strikes another with an open hand and commits a simple assault upon him or strikes him with his fist and there is no great difference in the size of the parties, then the law would not permit that other person to take out a knife or any deadly weapon and assault his aggressor. That is in keeping with when one is not permitted to attack in simple assault. That principle does not apply where from a fierceness of heart and difference in the size of the parties, the character of the parties, or other surrounding circumstances, the person assaulted has reasonable grounds to believe he is about to suffer death or great bodily harm. The jury and not the prisoner are the judges of the reasonableness of the apprehensions, and that the jurors are to judge the reasonableness of such apprehension from the facts and circumstances as they existed at the time of the difficulty and not as they may appear to the jury now in a cool moment of reflection or in a moment of cool reflection."

The third assignment cannot be held for reversible error.

Assignment No. 4 assails that portion of the charge in parentheses, which, with its connecting clauses, reads: "Gentlemen, there is another principle of law that the court overlooked calling your attention to. Ordinarily, the law will not permit a person to provoke or bring about a difficulty and engage willingly in a fight and then, after he has done so, take the life of his adversary and then plead self-defense. The reason the law won't permit the person to plead self-defense is on the ground that the necessity for the killing was brought about by the wrongful and unlawful acts of the defendant. The law will not permit a man to provoke a difficulty or bring it on and then take the life of his adversary unless the person who does provoke such difficulty quits the combat and retreats as far as he can with safety. (If he brings about a difficulty by wrongful and unlawful conduct, curse words, or otherwise brings about the difficulty and then quits the combat and leaves his adversary and retreats as far as he can, and then he is hurt and it is necessary for him to take the life of his adversary, then, under these circumstances, the law gives him the right to do it; but if he entered the fight and then quit the combat and takes the life of his adversary even though it shall be actually necessary for him to do so to protect his own life from death or great bodily harm, then he would not be permitted to plead self-defense in this instance)."

The defendant says in his brief that "the foregoing portion of the judge's charge virtually withdrew from the jury the defendant's plea of self-defense which he had heretofore submitted." We do not perceive how this instruction withdrew the defendant's plea of self-defense. It did nothing more than to tell the jury, in effect, that the law does not

permit one who provokes or brings about a difficulty, or who willingly engages in a fight, to successfully plead self-defense if he kills his adversary, although in the course of the fight he was about to suffer great bodily injury or death, unless he shows that before he slew his adversary he had in good faith withdrawn from the fight and had given to his adversary notice, by word or action, of his withdrawal.

That part of the charge above quoted, including the portion assailed, was given somewhat as an addenda to the charge as a whole, and it is clear that it was all predicated upon the accused being a person who provoked or brought about the difficulty, or who willingly engaged in the fight, and, when read in this light, is in accord with the decisions of this Court. *S. v. Medlin,* 126 N. C., 1127; *S. v. Garland,* 138 N. C., 675; *S. v. Kennedy,* 169 N. C., 326.

The fourth assignment cannot be held for reversible error.

The evidence in this case, as interpreted in the record, is quite meager, and leaves us without a clear picture of the facts surrounding the homicide. However, it can be gleaned that there was a fierce fight between the deceased and the defendant, in which the deceased, though without a weapon, knocked the defendant down three times, before receiving a fatal wound from a knife in the hand of the defendant. The record of the defendant's testimony is that "The defendant tried to keep the deceased off him by waving the knife in the air. . . . The deceased advanced on the defendant and ran into and against the knife in the hand of the defendant." Perhaps it was this remarkable, if not incredible, explanation of how the fatal wound was inflicted that prevented the jury from accepting the defendant's version of how the homicide occurred.

On the record we find

No error.