### STATE v. ISOM DeBERRY.

(Filed 5 November, 1947.)

**1. Assault § 14b—**

Where the court charges the law on defendant's right of defense of himself or any member of his family against unprovoked assault, defendant cannot complain of a subsequent correct instruction, supported by the State's evidence, on the right of self-defense if it should be found by the jury that defendant provoked or willingly entered into the affray.

**2. Same: Criminal Law § 81c (1)—**

A charge that in order to return a verdict of guilty of assault with a deadly weapon, the jury must find beyond a reasonable doubt not only that defendant committed an assault with a deadly weapon but also that he committed it under facts and circumstances in which he was not entitled to defend himself, is favorable to defendant and his exception thereto cannot be sustained.

APPEAL by defendant from *Carr, J.,* at June Term, 1947, of WAKE.

Criminal prosecution under bill of indictment which charges that defendant feloniously assaulted one John Wilson with a deadly weapon with intent to kill, inflicting serious injury not resulting in death.

The prosecutor, John Wilson, his son Leroy and wife, his daughter and husband Isom DeBerry, the defendant, and another daughter and her husband all live in a settlement on the same farm. On 4 November 1946 "The womenfolks got to fussing" at the home of Leroy Wilson. John Wilson was there. Defendant came and called his wife out and they went home. Defendant's wife called to Wilson, her father, and he went to see what she wanted. The evidence for the State tends to show that as Wilson left defendant's home defendant shot him twice, whereupon Wilson fired back, hitting both defendant and his wife. The evidence for the defendant tends to show that after Wilson got to defendant's house he and defendant "got to arguing," Wilson left, came back,

called defendant, and when defendant came to the door, shot him. Defendant and his wife then ran around the corner of the house and Wilson, continuing to shoot, wounded both of them.

There was a verdict of guilty of an assault with a deadly weapon. The court pronounced judgment on the verdict and the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*E. D. Flowers for defendant appellant.*

BARNHILL, J.  The defendant's exceptions are directed to alleged error in the charge of the court. Specifically he challenges the correctness of the charge on the defendant's right of self-defense. This is the only question presented.

On defendant's plea of self-defense the court first fully and correctly charged the jury as to the right of defendant to defend himself or any member of his family against an unprovoked assault. In so doing it did not place the duty on the defendant, under any circumstance, to retreat. To this charge there is no exception.

The court then correctly charged the law as to defendant's right of self-defense if it should be found by the jury that he provoked or willingly entered into an affray in which deadly weapons were used. To this portion of the charge defendant excepts. The exception is without merit.

The evidence for the State tends to show that defendant provoked and willingly entered into a gun battle with Wilson. He pleaded self-defense. It was necessary, therefore, for the court to explain and apply the law of self-defense to this evidence as well as to that which was more favorable to the defendant. This it did in language heretofore approved by this Court. *S. v. Medlin,* 126 N. C., 1127; *S. v. Garland,* 138 N. C., 675; *S. v. Kennedy,* 169 N. C., 326, 85 S. E., 42; *S. v. Koutro,* 210 N. C., 144, 185 S. E., 682; *S. v. Miller,* 221 N. C., 356, 20 S. E. (2d), 674; 4 A. J., 149.

The only other exception is directed to an excerpt from the charge in which the court required the jury, in order to return a verdict of guilty, to find beyond a reasonable doubt not only that defendant committed an assault on Wilson with a deadly weapon but also that he "committed it under facts and circumstances which indicate it was not done while he was entitled to defend himself that it was not done in his proper self-defense . . ." The error here, if any, was favorable to defendant and gives him no cause to complain.

A careful examination of the record leads to the conclusion that defendant has had a fair and impartial trial in which the court fully and

correctly explained and applied the law arising on evidence offered by the State on the one hand and by the defendant on the other. The verdict and judgment must be sustained.

No error.