EUGENE R. NELSON v. ISAAC W. SIMPKINS AND POWER BRAKE COMPANY, INC.

(Filed 4 June, 1954.)

1. Trial § 3—

Findings to the effect that in the hearing of a "clean-up" calendar, plaintiff's cause was nonsuited, without notice to plaintiff or his attorney, for failure of plaintiff to appear and prosecute his action, that plaintiff has a

good cause of action, and that plaintiff himself was guilty of no negligence, *is held* sufficient to support the court's order reinstating the cause on the civil issue docket for trial upon the merits.

**2. Appeal and Error § 6c (2)—**

An exception to the judgment and to the conclusions of law set out therein presents for review only whether the facts found are sufficient to support the judgment and does not present for review the findings of fact or the evidence upon which they are based.

**3. Trial § 3—**

Judgment of nonsuit for failure of plaintiff to appear was entered during the hearing of a "cleanup" calendar. At a subsequent term the judgment of nonsuit was set aside and the cause reinstated on the civil issue docket. At a still later term defendants moved to strike out the order of reinstatement on the ground that it was entered without notice. *Held:* Even if the order of reinstatement was without effect because entered without notice, the matter was before the court at the later term, and the court at this later term had jurisdiction to hear the motion for reinstatement, and its order reinstating the cause on the civil issue docket upon supporting findings, was without error.

**4. Trial § 1—**

Where judgment of nonsuit for failure of plaintiff to appear and prosecute his cause has been entered, but at a later term the judgment of nonsuit is set aside, the cause is properly subject to be calendared for trial, and when placed upon the calendar the cause is before the court and it has jurisdiction to hear and determine a motion therein.

**5. Appeal and Error § 6c (3)—**

The refusal of the court to find the facts tendered in writing by defendants is not made to appear erroneous when the record fails to contain the evidence before the lower court.

APPEAL by defendants from *Rousseau, J.,* at 2 November, 1953, Regular Term of MECKLENBURG.

Civil action commenced 7 June, 1947, for an accounting for royalties on certain inventions, and to have certain agreements in respect to these inventions declared void, as set forth in complaint filed, and as amended, to which on 14 August, 1947, defendants filed answer denying in material aspect the allegations of the complaint, and praying that the action be dismissed and that they go hence without day and to recover their costs to be taxed, etc.

The record proper discloses the following:

1. That on 2 October, 1950, a judgment of nonsuit was signed by Phillips, Judge Presiding, in which after reciting that "the plaintiff having been called in open court and warned to come into court and prosecute the action against the defendant or the case would be nonsuited, and having failed to so appear and prosecute the action against the defendant" it was

ordered that "plaintiff be nonsuited and taxed with the costs of the action and the action dismissed from the docket."

2. That on 31 January, 1951, attorneys for plaintiff filed a petition to reinstate the action on the civil issue docket of Mecklenburg, supporting same by affidavit as to circumstances under which the judgment of nonsuit was entered on call of a "clean-up calendar."

3. That thereupon, on same day, 31 January, 1951, an order was entered, reinstating the case on the civil issues docket, reading:

"This matter coming on to be heard before the Honorable Harold K. Bennett, Judge presiding, upon the call of the calendar for this term on which the above entitled action was placed for trial, and it appearing to the court that on October 2, 1950, a judgment of nonsuit was entered in the above entitled action, the case having been called and the plaintiff not appearing, and it further appearing to the court upon representation of counsel for the plaintiff that said nonsuit was entered in their absence and without their knowledge, and that the same was unknown to counsel for plaintiff until Saturday, January 27, 1951; and it further appearing to the court that the plaintiff has a right to file a new action upon the same cause of action for one year after said nonsuit was entered, which time has not expired, and that the ends of justice will be met by reinstating said action upon the civil issue docket;

"It is therefore Ordered that said nonsuit be set aside and that this cause be reinstated upon the civil issue docket for trial at this term or at such time hereafter as the court shall direct."

"This 31st day of January 1951.  Harold K. Bennett, Judge Presiding."

4. That thereafter on 21 February, 1951, defendants filed an answer to the petition of plaintiff to reinstate, denying right of plaintiff to such reinstatement.

5. That thereafter on 28 October, 1953, defendants, through their attorneys filed in court a motion to strike out and declare void the order of 31 January, 1951, setting aside and striking out the judgment on nonsuit theretofore granted, stating these as reasons therefor:

"1. That the record shows that this order was granted on the same day that the petition to reinstate the case and to strike out the nonsuit was filed, which was also January 31, 1951.

"2. That the record fails to show any legal notice to counsel for the defendants or to the defendants of any hearing upon the petition to reinstate this case.

"3. That the order striking out the judgment of nonsuit was improvidently granted as these defendants had no knowledge that any order had been signed upon the petition to reinstate the case until on or about September 3, 1953 when the present counsel for the plaintiff advised by

letter that an order to reinstate the case had been entered. Until that time these defendants were led to believe that the case had been nonsuited, and a motion to strike out the nonsuit was pending to be heard upon motion and answer and pleadings filed therein to said motion.

"4. That these defendants have been guilty of no neglect, or if there was any, it was excusable neglect, surprise and inadvertence to the order reinstating the judgment of nonsuit in this case.

"5. That when it was ascertained that a motion had been made in the cause to reinstate the case by striking out the judgment of nonsuit, time was granted to file an answer and other papers upon which a motion would be heard, and that no hearing upon said motion has ever been had, and the signing of the order attempting to reinstate the case was an inadvertence, a mistake and was improvidently granted."

6. That on same day, 28 October, 1953, attorneys for defendants addressed a notice to attorneys of record for plaintiff, notifying them that the "motion is set down for hearing . . . before the Judge Presiding over the Civil Term of Mecklenburg Superior Court for the 9th day of November, 1953, at 10 A. M." It appears of record that this notice, with a copy of the motion was served upon the attorney to whom it was addressed by the Sheriff of Mecklenburg County by a deputy.

7. That on 5 November, 1953, the Honorable J. A. Rousseau, Judge Presiding, signed a judgment in words and figures as follows:

"This cause coming on to be heard and being heard before the undersigned Judge, presiding over the November 2, 1953 Regular Term of Civil Court for Mecklenburg County, North Carolina, upon the motion of the defendants filed in this cause on the 28th day of October, 1953, to set aside an order entered by this Court in this case on the 31st day of January 1951, setting aside a judgment of nonsuit theretofore entered herein and reinstating this cause of action; Wm. H. Booe, Esq. appearing for the plaintiff and Guy T. Carswell, Esq. and Paul B. Eaton, Esq. appearing for the defendants, and each of them;

"It Appearing to the court from the evidence presented and from the argument of counsel for both parties and the court finds as a fact that a 'Clean-up' calendar was prepared, upon which the above entitled action appeared, for the Superior Court of Mecklenburg County, for the month of May 1950, that the same was not called but was postponed; that said 'Clean-up' calendar was ultimately called in October 1950; that a letter was presented to the court at this hearing from Mr. H. B. Campbell, Chairman of the Mecklenburg Calendar Committee, which was in response to a letter from Mr. Guy T. Carswell, part of which read as follows: (Under date of September 15, 1950, the following notice was sent to all attorneys of the Mecklenburg County Bar and to all other attorneys who had cases on the Clean-up Calendar. This notice, in addition, was

placed on the bulletin board of the Law Building. The notice was as follows: September 15, 1950, NOTICE TO ATTORNEYS. The Clean-up Calender, which was prepared during the Spring Term, and copy of which you received, will be called on Monday, October 2nd, during the Extra Civil Term presided over by Judge Phillips. All cases will be called and nonsuited or otherwise disposed of on Monday, and if announced as ready for trial, will be set during the remainder of the week. CALENDAR COMMITTEE.)

"It further appearing to the court and the court finds as a fact that no evidence was presented to the court by the defendants that a copy of said 'Clean-up' calendar or said notice was sent either by mail or personal delivery to counsel for plaintiff, but evidence was presented by the plaintiff that counsel for the plaintiff did not receive either the notice or the calendar; that said 'Clean-up' calendar was ultimately called in October 1950; that neither the plaintiff nor his counsel had actual notice or knowledge of the calling of said 'Clean-up'. calendar; that judgment of nonsuit was entered in this cause as a result of said 'Clean-up' calendar on October 2, 1950, declaring that the plaintiff had been called in open court and having failed to appear and prosecute his action, and that judgment of nonsuit was entered; that said judgment of nonsuit was entered in the absence of both the plaintiff and his counsel and without their knowledge;

"It further appearing to the court and the court finds as a fact that this action appeared on the trial docket calendar at the request of counsel for the plaintiff, at the January 29, 1951 Term of Superior Court for Mecklenburg County; that counsel for the plaintiff had no knowledge of the entry of said judgment of nonsuit until Saturday, January 27, 1951; that the plaintiff filed a petition in this cause on January 31, 1951, and during the said term this cause appeared on the docket for trial, praying the court that the said judgment of nonsuit be set aside and this cause be reinstated, and said petition alleging among other matters that the plaintiff was not guilty of any neglect by reason of said judgment having been entered; that an order setting aside said judgment of nonsuit and reinstating this cause was entered by this court on January 31, 1951, reciting, among other matters, that 'upon the call of the calendar for this term on which the above entitled action was placed for trial, it appearing that judgment of nonsuit was heretofore entered in this cause, and that the same was entered in the absence of counsel for the plaintiff and without their knowledge and same was unknown to them until Saturday, January 27, 1951, and it further appearing plaintiff has a right to file a new action upon the same cause of action for one year after said nonsuit was entered, which time has not expired and that the ends of justice will be met by reinstating said action'; that the defendants nor their counsel had written

notice of said order being entered, but that counsel for the defendants were apprised in open court that the court was considering said action, that counsel for the defendants filed answer to the petition to reinstate on February 21, 1951, denying said allegations;

"It further appearing to the court and the court finds as a fact that the plaintiff had reputable counsel in Mecklenburg County, where this action was pending, representing him at the very time the judgment of nonsuit was entered, and was in any event guilty of no negligence himself; that the judgment of nonsuit entered against the plaintiff on October 2, 1950, was taken against the plaintiff through the mistake, inadvertence, surprise or excusable neglect of the plaintiff's counsel; that this cause of action of the plaintiff, among other matters, consists of an action for an accounting of royalties from certain patents which the plaintiff was instrumental in inventing, which the defendants have had control of, and for which the plaintiff has never had an accounting, and that the plaintiff has a meritorious cause of action; and that the ends of justice will be met by allowing the plaintiff to have his day in court, and the defendants will not be prejudiced on the merits of this cause thereby;

"Now, therefore, it is ordered, adjudged and decreed that:

"1. The motion of the defendants to strike said order of reinstatement by this court be, and it hereby is denied;

"2. The order of this court entered on January 31, 1951, setting aside said judgment of nonsuit and reinstating this cause action be, and it hereby is in all respect confirmed;

"3. That the judgment of nonsuit heretofore entered in this action on October 2, 1950 be, and it hereby is set aside and stricken from the record;

"4. That this cause of action be, and it hereby is reinstated and ordered to be placed upon the civil docket for trial on its merits."

8. Appeal entries were made in pertinent part as follows:

"To the entering of this order denying the motion of the defendants to set aside the order of reinstatement of January 31, 1951; confirming said order; setting aside the judgment of nonsuit heretofore entered in this action on October 2, 1950 and ordering that this cause of action be reinstated and placed upon the Civil Docket for trial on its merits, the defendants except and appeal to the Supreme Court of North Carolina.

"To the refusal of the presiding judge to find the facts tendered in writing by the defendants under date of November 4, 1953, the defendants except and appeal to the Supreme Court of North Carolina. Notice of appeal given in open court and further notice waived . . ."

*Wm. H. Booe* for plaintiff, appellee.
*Guy T. Carswell and Paul B. Eaton* for defendants, appellants.

NELSON v. SIMPKINS.

WINBORNE, J. The questions involved on this appeal, as stated in brief of appellants, are these: Did the court err:

(1) "In entering the order denying motion of defendants to set aside the order of reinstatement of January 31, 1951?

(2) "In confirming the order entered on January 31, 1951, setting aside the judgment of nonsuit and reinstating this cause of action?

(3) "In setting aside and striking from the record the judgment of nonsuit entered in this action on October 2, 1950?

(4) "In reinstating this cause of action and ordering it to be placed upon the civil docket for trial on its merits? and

(5) "In refusing to find the facts tendered in writing by the defendants under date of November 4, 1953?"

Careful consideration of the record on appeal leads to the decision that the facts found in the judgment from which appeal is taken are sufficient to support the conclusion there reached. And there is no exception to any finding of fact so made.

Exception to the judgment, and to the conclusions of law set out in the judgment, present only questions whether facts found are sufficient to support the judgment, that is, whether the court correctly applied the law to the facts found. Such exceptions are insufficient to bring up for review the findings of fact or the evidence upon which they are based. And when the judgment entered is supported by the finding of fact, it will be affirmed. See, among numerous other cases, *Roach v. Pritchett*, 228 N.C. 747, 47 S.E. 2d 20.

Moreover, if it be conceded that the order of 31 January, 1951, was entered without notice, and without waiver of notice, the whole matter was before the Honorable J. A. Rousseau, Judge presiding over the Civil Term of Mecklenburg Superior Court upon the motion of defendants entered upon general appearance, pursuant to notice to attorney of recc for plaintiff dated 28 November, 1953.

Defendants were contending that the order of 31 January, 1951, made upon motion of plaintiff was without force and effect, and that, hence, the motion, answered by defendants 21 February, 1951, remained as if no action had been taken upon it. Therefore if the order of 31 January, 1951, were set aside, consideration of the motion, as answered by defendants, would still be for disposition.

Furthermore, defendants concede in their brief that "plaintiff attempted to place the case on the calendar for trial at the November 1953 Term of Mecklenburg Superior Court." And plaintiff, in his brief, says that "on Friday, October 23, 1953, the Calendar Committee for the Mecklenburg Bar Association set this case as the first case for trial at the November 2, 1953 Term of Civil Court for Mecklenburg County." Whether right or wrong, the judgment as of nonsuit had been set aside,

and the case was properly subject to be calendared for trial at term time when defendants' motion was made and heard. And the Judge presiding having taken general jurisdiction over the case, it will be assumed that he acted with authority. Thus the whole case was before the court. And if the Judge erred in affirming the order of 31 January, 1951, he found sufficient facts to support his own action in setting aside the judgment as of nonsuit and reinstating the case.

Lastly, since the evidence before the Court is not contained in the record on appeal, error is not made to appear in the matter to which the fifth question above stated relates.

The judgment below is
Affirmed.