STATE OF NORTH CAROLINA v. CHRISTOPHER COLUMBUS WILLIS
No. 692SC143

(Filed 28 May 1969)

**1. Criminal Law § 155— failure to aptly docket record on appeal**

The appeal is subject to dismissal where the record on appeal was not docketed in the Court of Appeals within 90 days from the date of the judgment appealed from and the time for docketing was not extended. Court of Appeals Rules 5 and 48.

**2. Criminal Law § 159— evidence submitted under Rule 19(d)(2) — failure to attach appendix to brief**

The appeal is subject to dismissal where appellant submits the complete transcript of evidence under Rule 19(d)(2) but fails to attach an appendix to his brief setting forth in succinct language with respect to those witnesses whose testimony he deems pertinent to the questions raised on appeal what he says the testimony of such witnesses tends to establish. Court of Appeals Rules 19(d)(2) and 48.

**3. Criminal Law § 29— motion to determine mental competency — necessity for ruling before plea**

In this homicide prosecution, failure of the trial court to rule on defendant's motion to determine his mental competency to stand trial before requiring him to plead to the indictment constitutes prejudicial error.

**4. Homicide § 15; Criminal Law § 42— identity of stains as blood stains**

In this homicide prosecution, the court did not err in permitting the sheriff, a witness for the State, to identify certain stains or discolorations as blood stains.

APPEAL by defendant from *Cowper, J.,* 7 October 1968 Session of the Superior Court of HYDE County.

The defendant was charged in a bill of indictment with the crime of murder in the first degree of one Flossie M. Selby on 5 December 1962.

At the May 1963 Session, Hyde Superior Court, counsel for the defendant called the attention of the court to the fact that defendant had previously been committed to a mental institution in the State of New York. An order was entered on 21 May 1963 committing defendant to the State Hospital at Goldsboro, North Carolina, under the terms of G.S. 122-91 for observation and a phychiatric report. On 20 June 1963 a report from the State Hospital was forwarded to the Clerk of Superior Court which contained the diagnosis that defendant had a schizophrenic reaction, paranoid type, and directed that defendant be returned to the court as unable to stand trial.

The cause came on for hearing during the October 1963 Session, and, after the reading of the psychiatric report to the jury, an issue was submitted as follows: "Is the defendant, Christopher Columbus Willis, unable to plead to the bill of indictment and unable to stand trial at this term of Court by virtue of his present mental incompetency?" The issue was answered by the jury, "Yes." The court then ordered that defendant be committed to the State Hospital for further treatment and remain confined therein until such time as the authorities of the hospital shall report to the Clerk of Superior Court that defendant is mentally capable to plead to the bill of indictment, to confer with his counsel regarding his defense and to stand trial upon the charge against him.

In a report dated 9 October 1967 authorities at the hospital concluded that defendant's condition had improved and that he should be returned to court as able to stand trial. Thereafter, and before arraignment when the case came on for trial on 7 October 1968 defendant moved through his counsel that the court rule on the competency of the defendant to stand trial. The court did not at that time rule on this motion but "reserved its ruling", to which the defendant excepted. Defendant then tendered a plea of not guilty to second degree murder and the trial proceeded. Upon convening court on 10 October 1968, after all of the evidence had been completed and argument of counsel for both the State and defendant had been presented to the jury, the court entered an order in which, among other things, appears the following: "That, during the overnight recess, the Court was successful in finding the ruling of the Supreme Court in *State v. Propst (1968)*, 274 N.C. 62, which authority the Court showed to defense counsel and to the Solicitor." The court then made

an order finding defendant was competent to stand trial and proceeded to charge the jury, which thereafter found defendant guilty of murder in the second degree.

To the judgment of the court that defendant be committed to the State's Prison to serve 22 years with a recommendation that he be committed to a mental institution for service of the sentence, defendant excepted and appealed.

*Robert Morgan, Attorney General, by William W. Melvin, Assistant Attorney General, and T. Buie Costen, Staff Attorney, for the State.*

*John A. Wilkinson for defendant.*

MALLARD, C.J.

[1]   It appears from the record that the judgment appealed from was entered 10 October 1968; thus absent an order extending the time for docketing, the record on appeal should have been docketed in this Court on or before 8 January 1969. Rule 5, Rules of Practice in the Court of Appeals of North Carolina. Counsel for the defendant did not docket the record on appeal in this Court until 20 January 1969, and for failure to docket on time this appeal is subject to dismissal. Rule 48, Rules of Practice, *supra.*

[2]   In addition to failure to docket on time, counsel for defendant submitted the complete transcript of the evidence under Rule 19(d)(2), but contrary to the provisions of that rule, he did not attach an appendix to his brief setting forth in succinct language with respect to those witnesses whose testimony he deemed to be pertinent to the questions raised on appeal, what he says the testimony of such witness tends to establish. The appeal is thus further subject to dismissal. Rule 19(d)(2), Rules of Practice, *supra;* Rule 48, Rules of Practice, *supra.*

In addition to the foregoing counsel for the defendant, in the preparation of his brief did not comply with that portion of Rule 28 of the Rules of Practice in the Court of Appeals of North Carolina which requires "Such brief shall contain, properly numbered, the several grounds of exception and assignment of error with reference to the pages of the record . . ."

[3]   Despite the failure of defendant through his counsel to comply with the rules of this Court, we have considered the record here as a petition for writ of certiorari, allowed it, and considered the case on its merits. We are of the opinion that the failure of the trial

court to rule on defendant's motion to determine his mental competency to stand trial before requiring him to plead to the indictment places this case within the doctrine of *State v. Propst, supra.* We hold the court's failure to rule on the motion at that time to be prejudicial error requiring that the verdict and judgment be vacated and this cause remanded for further proceedings.

**[4]**     Defendant contends it was error to permit the State's witness Sheriff Cahoon to identify certain stains or discolorations as blood stains. We hold that it was not error to permit the witness Cahoon, the Sheriff of Hyde County, to identify certain stains or discolorations as blood stains. See 23 C.J.S., Criminal Law, § 876(c), page 452. See also *State v. Smith,* 223 N.C. 457, 27 S.E. 2d 114. In the case of *People v. Preston,* 341 Ill. 407, 173 N.E. 383, it is said:

> "Witnesses who were at the scene of the crime the next morning testified to finding blood stains on the car and blood on the grass on the roadside near where the body was found. It is claimed that this evidence was incompetent as being the conclusions of nonexpert witnesses. The existence of blood in large quantities, where the stains are recent and marked, may be distinguished by most persons, and, while it is more difficult to discover the character of a few drops or a smaller quantity, it does not necessarily follow that nonexperts cannot testify to its reality as a matter of fact. *Greenfield v. People,* 85 N.Y. 75, 39 Am. Rep. 636. It was for the jury to determine the weight to be given to the testimony. *People v. Korak,* 303 Ill. 438, 135 N.E. 764."

Defendant's exceptions to the charge are without merit. When the charge is read as a whole no prejudicial error appears.

Some of defendants exceptions and assignments of error were not discussed in his brief and are therefore deemed abandoned.

Error and remanded.

CAMPBELL and MORRIS, JJ., concur.