State v. Stimpson

STATE OF NORTH CAROLINA v. RALPH L. STIMPSON

No. 7218SC561

(Filed 2 August 1972)

**1. Homicide § 15; Criminal Law § 42— bloodstains — nonexpert testimony**

Nonexperts can testify as to the fact of bloodstains and then it is for the jury to determine the weight to be given to the testimony.

**2. Criminal Law § 168— erroneous instruction — no prejudice**

A new trial will not be awarded for error in the charge which is favorable or not prejudicial to defendant; therefore, defendant in a prosecution for voluntary or involuntary manslaughter is not entitled to a new trial where the trial court erred in charging the jury that one of the elements of involuntary manslaughter involves the intentional killing of a person.

APPEAL by defendant from *Seay, Judge,* 3 January 1972 Criminal Session of GUILFORD Superior Court.

By indictment proper in form defendant was charged with the murder of Lillian Holland on 19 September 1970. He was originally tried for second-degree murder or manslaughter, was found guilty of manslaughter and a prison sentence of 15 years was imposed. On appeal a new trial was ordered by the North Carolina Supreme Court for error committed during the first trial. (See 279 N.C. 716, 185 S.E. 2d 168.) At the second trial defendant was tried for voluntary or involuntary manslaughter. The jury returned a verdict of guilty of involuntary manslaughter and defendant was sentenced to prison for 10 years with credit given for 478 days spent in jail pending trial and appeals.

From this judgment defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General I. Beverly Lake, Jr., for the State.*

*Public Defender Wallace C. Harrelson and Assistant Public Defender Dale Shepherd for defendant appellant.*

BRITT, Judge.

Defendant contends that the court erred in denying his motion for nonsuit. The evidence presented at the second trial was substantially the same as that presented at the first trial

State v. Stimpson

which is fully set forth in the Supreme Court opinion above cited. A restatement of the evidence here would serve no useful purpose. Suffice to say, it was sufficient to survive the motion for nonsuit.

[1]   Defendant contends that the court erred in allowing a layman to testify that something appeared to be blood. This contention is without merit and has been answered by this court in *State v. Willis*, 4 N.C. App. 641, 167 S.E. 2d 518 (1969), cert. den. 275 N.C. 501 (1969), where it is stated that nonexperts can testify as to the fact of bloodstains and then it is for the jury to determine the weight to be given to the testimony.

[2]   Defendant also contends that the court erred in charging the jury that one of the elements of involuntary manslaughter involves the intentional killing of a person. We concede that this was error but fail to see how it was prejudicial to defendant. The portion of the charge involved stated: "As it relates to involuntary manslaughter, intent is not an issue. The crux of that crime is an accused intentionally killed his victim by a wanton, reckless, culpable use of a firearm or other deadly weapon."

The only effect of such a charge is to place a greater burden upon the State in proving the elements of the lesser offense. A new trial will not be awarded for error in the charge which is favorable or not prejudicial to defendant. *State v. DeBerry*, 228 N.C. 147, 44 S.E. 2d 722 (1947). Since defendant could only have been helped by this instruction, he has no reason to complain and his assignment of error is overruled.

All of defendant's assignments of error have been carefully considered and found to be without merit.

No error.

Chief Judge MALLARD and Judge CAMPBELL concur.