STATE OF NORTH CAROLINA v. CHARLES WINFRED QUICKSLEY

No. 7926SC218

(Filed 3 July 1979)

1. **Assault and Battery § 15.6 — self-defense — instructions — necessary force**

   The trial court in a felonious assault case properly told the jury what to consider in determining whether defendant used more force than necessary in repelling an alleged assault by the prosecuting witness where the court instructed the jury to consider (1) the circumstances that existed at the time; (2) the size, age and strength of defendant as compared to the prosecuting witness; (3) the fierceness of the assault on defendant; (4) the use, if any, of a weapon by the prosecuting witness; and (5) the reasonableness of defendant's belief that his actions were necessary to protect himself from death or great bodily harm.

**2. Criminal Law § 113.2— instructions on self-defense—absence of request for further instructions**

Defendant cannot complain on appeal that the court failed to give more detailed and elaborate instructions concerning excessive force in self-defense where defendant was given an opportunity to request further instructions but failed to do so.

**3. Assault and Battery § 15.6— sufficiency of instructions on self-defense**

The trial court in a felonious assault case properly applied the law to the evidence with respect to self-defense, and the court's instruction on self-defense in its final mandate was sufficient.

APPEAL by defendant from *Griffin, Judge*. Judgment entered 11 October 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 29 May 1979.

The defendant was indicted for the felony of assault with a deadly weapon with intent to kill inflicting serious injury. Upon his plea of not guilty, the jury returned a verdict finding the defendant guilty of the lesser included felony of assault with a deadly weapon inflicting serious injury. From judgment sentencing him to imprisonment for a term of not less than six years nor more than eight years, the defendant appealed.

The State's evidence tended to show that on 24 April 1978, Gerald A. Call, Jr. went to the Independence Cue Lounge and engaged in a game of pool with the manager. After they had played one game, the manager walked to the back of the lounge. Call then noted that the defendant, who was playing pool at a nearby table, was making a lot of noise. Call walked over to the defendant and told him to "shut up." As Call began to walk back to the table where he had been playing pool, he turned and saw the defendant standing behind him. The defendant then struck Call several times with a cue stick. Call fell and the defendant kicked him in the head. He did not assault the defendant at any time and did not have anything in his hands when he spoke to the defendant or at any time thereafter. After the attack by the defendant, Call was taken to a hospital where it was discovered that he had a fractured cheek bone, a fractured nose, a five centimeter laceration of the scalp and a two centimeter laceration of the right cheek.

The defendant presented evidence tending to show that Call told people at the defendant's pool table to be quiet. A few

minutes later, Call walked up behind the defendant who was lean-
ing over the table shooting pool. Call then swung a cue stick at
the defendant. The defendant turned, blocked the blow with his
arm and then struck Call in the head with a cue stick.

*Attorney General Edmisten, by Associate Attorney
Christopher P. Brewer, for the State.*

*Charles V. Bell for defendant appellant.*

MITCHELL, Judge.

[1] The defendant assigns as error the following portion of the
court's charge on self-defense:

> In making this determination you should consider the cir-
> cumstances as you find them to have existed at the time from
> the evidence, including the size, age, and strength of the
> defendant as compared to Gerald Call; the fierceness of the
> assault, if any, upon the defendant; and whether or not
> Gerald Call had a weapon in his possession. Again, it is for
> you the jury to determine the reasonableness of the defend-
> ant's belief from the circumstances as they appeared to him
> at the time.

The defendant argues that the quoted instruction fails to tell
the jury what to consider in determining whether the defendant
used more force than necessary in repelling the alleged assault of
the prosecuting witness Call upon the defendant. The instruction
properly tells the jury what to consider, i.e., (1) the circumstances
that existed at the time as shown by the evidence; (2) the size,
age and strength of defendant as compared to Call; (3) the
fierceness of Call's assault on defendant; (4) the use, if any, of a
weapon by Call in the assault on defendant; and (5) the reason-
ableness of defendant's belief that his actions were necessary to
protect himself from death or great bodily harm.

The challenged instruction is in accord with *State v. Pearson*,
288 N.C. 34, 215 S.E. 2d 598 (1975); *State v. Koutro*, 210 N.C. 144,
185 S.E. 682 (1936). *See* N.C. Pattern Jury Instructions, Criminal
308.45, October 1978.

[2] The defendant further excepts to the failure of the court to
instruct the jury in a more detailed and elaborate manner con-

cerning excessive force in self-defense, setting out a proposed instruction in the record. However, the trial court near the end of the charge inquired if the defendant's counsel had any requested instructions, and he answered, "Nothing from the defendant." In *State v. Greene*, 278 N.C. 649, 180 S.E. 2d 789 (1971), the defendant asserted error in the failure of the trial court to include a review of the defendant's evidence relating to his contention of self-defense. The defendant's counsel made no request for such instruction. The court held if defendant desired fuller instructions he should have so requested. Quicksley's failure to do so precludes him from now assigning this as error.

[3]  The trial court applied the law to the evidence three times, there being three possible verdicts submitted to the jury. The first such instruction follows:

> [F]urthermore, although you are satisfied beyond a reasonable doubt that Charles Quicksley committed assault with a deadly weapon with intent to kill inflicting serious injury, or you should find from a later part of my Charge, if you should find him guilty of assault with a deadly weapon inflicting serious injury, or you should find the defendant guilty of assault with a deadly weapon, you may return a verdict of guilty only if the State has satisfied you beyond a reasonable doubt that Charles Quicksley did not act in self-defense; that is, that Charles Quicksley did not reasonably believe that the assault was necessary to protect himself from death or serious bodily injury, or that he, Charles Quicksley, used excessive force or was the aggressor.
>
> If you do not so find, or have a reasonable doubt, then Charles Quicksley would be justified by self-defense and it would be your duty to return a verdict of not guilty.

In *State v. Dooley*, 285 N.C. 158, 166, 203 S.E. 2d 815, 820 (1974), the Supreme Court set out this proposed final mandate on self-defense:

> "If, however, although you are satisfied beyond a reasonable doubt that the defendant did intentionally shoot Thomas and thereby proximately caused his death, if you are further satisfied, not beyond a reasonable doubt, but are satisfied that at the time of the shooting the defendant did

have reasonable grounds to believe and did believe that he was about to suffer death or serious bodily harm at the hands of Thomas, and under those circumstances he used only such force as reasonably appeared necessary, you the jury being the judge of such reasonableness, and you also are satisfied that the defendant was not the aggressor, then he would be justified by reason of self-defense, and it would be your duty to return a verdict of not guilty."

Although *Dooley* was prior to *State v. Hankerson*, 288 N.C. 632, 220 S.E. 2d 575 (1975), the substantive law as to the recommended instruction is unimpaired, *Hankerson* only affecting the burden of proof on self-defense.

The trial court properly applied the law to the evidence with respect to self-defense, the final mandate being in accord with the proposed instruction in *Dooley*. We find the trial court's charge as a whole to be free of prejudicial error. The court fully instructed the jury as to the evidence and contentions, and defined the law applicable thereto.

The defendant's assignment of error that the court intimated an opinion on the evidence by failing to include some part of the defendant's evidence in its summary of evidence in the charge, is novel, but without merit. Again, the defendant did not request further instructions although he was offered an opportunity to do so. *State v. Greene*, 278 N.C. 649, 180 S.E. 2d 789 (1971).

The defendant had a fair trial, free from prejudicial error and we find

No error.

Judges PARKER and MARTIN (Harry C.) concur.